IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02606-PAB

ENRIQUE SIERRA-GARCIA,[1]

      Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement, in his official capacity, and
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Enrique Sierra-Garcia's Verified Petition for Writ of Habeas Corpus [Docket No. 1] and Petitioner-Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No. 4]. Respondents filed a combined response. Docket No. 12.

---

[1] The case caption on petitioner's habeas petition lists the petitioner as Marcos Sierra-Garcia. Docket No. 1 at 1. However, petitioner filed a motion to amend the case caption, stating the petitioner's actual name is Enrique Sierra-Garcia. Docket No. 9. Thus, petitioner requests that the case caption be amended to change his name from Marcos Sierra-Garcia to Enrique Sierra-Garcia. *Id.* at 2. The Court will grant the motion and list petitioner as Enrique Sierra-Garcia in the case caption.

## I. BACKGROUND[2]

Petitioner has lived in the United States since 1999.  Docket No. 1 at 12, ¶ 37.

Petitioner works as a maintenance supervisor to support his wife and four U.S. citizen

children.  *Id.*  Petitioner was detained by Immigration and Customs Enforcement ("ICE")

in April 2026 and is charged with having entered the United States without inspection.

*Id.* at 2-3, 12, ¶¶ 3, 37.  Petitioner is detained at the Denver Contract Detention Facility

in Aurora, Colorado.  *Id.* at 2-3, ¶ 3.  ICE has not provided petitioner with a bond

hearing, claiming that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

*Id.*

On June 11, 2026, petitioner filed a petition for habeas corpus, Docket No. 1, and

a motion for a temporary restraining order.  Docket No. 4.  Petitioner brings claims that

his detention violates 8 U.S.C. § 1226(a), bond regulations, the Administrative

Procedure Act, and the Fifth Amendment of the United States Constitution.  Docket No.

1 at 14-18, ¶¶ 40-61.  Among other things, petitioner seeks his immediate release or, in

the alternative, a bond hearing.  *Id.* at 18-19.  Petitioner's motion for a temporary

restraining order also seeks his immediate release or, in the alternative, a bond hearing.

Docket No. 4 at 31-32.

## II. ANALYSIS

The parties disagree as to whether petitioner's detention is governed by 8 U.S.C.

§ 1226 or 8 U.S.C. § 1225.  Docket No. 1 at 14, ¶¶ 40-43; Docket No. 12 at 2-3.

Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a).

---

[2] The following facts are taken from the habeas petition.  Docket No. 1.
Respondents have not disputed any facts and do not provide any facts of their own.
*See generally* Docket No. 12.

Docket No. 1 at 14, ¶¶ 40-43.  Petitioner notes that § 1226 permits release on bond.  *Id.*, ¶ 42.  Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens, like petitioner, who are "present in the United States and have not been admitted."  Docket No. 12 at 3.  Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention.  *Id.* at 2.

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States and who face removal proceedings.  *See, e.g., Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025).  In these cases, the Court has ruled that petitioners' detention is governed by § 1226.  *Id.*

Respondents acknowledge that the Court has previously analyzed this issue, conceding "the facts of this case are not materially distinguishable . . . for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."  Docket No. 12 at 4.  Respondents state that they submit an abbreviated response "to conserve resources and expedite this Court's consideration of this case, while preserving legal arguments and reserving all of Respondents' rights including the right to appeal."  *Id.* at 2.  Respondents note that a decision in this district rejecting respondents' position has been appealed to the Tenth Circuit.  *Id.* at 3-4 (citing *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025)).  "Respondents acknowledge that until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to

3

reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for the purposes of the Court's decision on the legal issue of whether petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id*. at 4. Respondents incorporate by reference the legal arguments that respondents presented in *Mendoza Gutierrez*, the case which was appealed to the Tenth Circuit. *Id.*

The Court has analyzed the response that was submitted in *Mendoza Gutierrez*. *See Mendoza Gutierrez*, No. 25-cv-02720-RMR, Docket No. 26 (D. Colo. Sept. 16, 2025). Not finding any additional relevant arguments that the Court has not already addressed in its past orders on this issue, the Court will grant the habeas petition for the same reasons as it did in its past orders, which respondents acknowledge do not materially differ from the present case. Docket No. 12 at 2. Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).[3] The Court will grant the habeas petition on the § 1226 claim and will order respondents to provide petitioner a bond hearing within seven days of the date of this order.[4] Because the temporary restraining order seeks identical relief to the habeas petition, the Court will deny it as moot.

---

[3] Because the Court will grant the habeas petition on the basis of the 8 U.S.C. § 1226(a) claim, it will not reach petitioner's other claims at this time. *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").

[4] The Court finds that providing a bond hearing, rather than ordering petitioner's immediate release, is the proper remedy. *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025) ("an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court").

### III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Enrique Sierra-Garcia's Verified Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that Petitioner-Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No. 4] is **DENIED as moot**.  It is further

**ORDERED** that Petitioner-Plaintiff's Motion to Amend Case Caption [Docket No. 9] is **GRANTED**.  It is further

**ORDERED** that the clerk's office shall amend the case caption and change petitioner's name to Enrique Sierra-Garcia.  It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified.[5]  It is further

---

[5] "[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing."  *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").

ORDERED that, within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED June 23, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge